# EXHIBIT C



CAUSE NO. 2013-03258 _____

| | | |
|---|---|---|
| MEHDI CHERKAOUI, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SANTANDER CONSUMER | § | |
| USA, INC. | § | |
| | § | |
| Defendant | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Mehdi Cherkaoui (hereinafter "Mr. Cherkaoui") files this petition and for cause of action will show the following:

### Discovery Control Plan

1.   The plaintiff intends that discovery in this case is to be conducted under level 2 as described by Texas Rule of Civil procedure 190.

### Parties

2.   The plaintiff is an individual who resides and did reside in Texas at all relevant times.

3.   Defendant Santander Consumer USA, Inc. (hereinafter "Santander") is, upon information and belief a corporation doing business in Texas and maintains a physical address at 8585 North Stemmons Freeway suite 1100- North Dallas TX

75247. Santander will be served by serving its registered agent CT Corporation System, 350 N. Saint Paul ST STE 2900 Dallas, TX 75201-4234.

## Jurisdiction

4.       The court has general jurisdiction, and in the alternative specific jurisdiction, over Santander because, upon information and belief, 1) it is incorporated in the State of Illinois but maintains principal place of business in Texas, 2) it has committed a tort in whole or in part against a Texas resident, and/or 3) it has sufficient minimum contacts and this court asserting jurisdiction over Santander does not offend traditional notions of fair play and substantial justice.

## Venue

5.       Venue is proper in Harris County. Specifically, Venue is mandatory in Harris County, Texas, pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE § 15.002(a)(1), because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Harris County, Texas

## Factual Allegations

6.       Upon information and belief, the Plaintiff purchased a 2001 BMW from Carmax Inc., a used car retailer in July of 2009. Carmax Inc., is not a party in this litigation. Carmax Inc. subsequently informed Mr. Cherkaoui that Santander would be his lender and that payment will have to be sent to Santander. Santander

Plaintiff's Original Petition and Request for Disclosure       2

has, intentionally and knowingly, placed calls using an automated telephone

dialing systems also known as "robocalls" to Plaintiff's cell phone in an

egregiously excessive manner each time Plaintiff has not made his payment

within the due date. Upon information and belief, the plaintiff estimates the

number of calls made to his cellular phone by Santander using the aforementioned

robocalls exceeds 700 calls to his cell phone and counting.

7.      Mr. Cherkaoui has provided name and phone number of references on the

credit application he filled out at Carmax Inc. Mr. Cherkaoui provided

information of said references only for the purpose of verification in order to

obtain credit in relation to the purchased vehicle. Mr. Cherkaoui has not given

consent, express or implied to Carmax Inc. or Santander to contact these

references in relation to debt collection efforts by Santander.

8.      On or around January of 2010, after receiving a phone call from one

Santander representative, Mr. Cherkaoui asked the representative to stop calling

his cell phone because they have caused a great deal of annoyance and

harassment. Nevertheless, Santander continued calling Mr. Cherkaoui's cell

phone any time his payment was past due by as little as one day. Mr. Cherkaoui

continued to receive robocalls on his cell from Santander totaling in certain

instances up to 12 calls per single day.

Cause of Action for Violation of Chapter 392 of the Texas Finance Code also known

as the Texas Debt Collection Act

9.        In the alternative without waiving any of the other causes of action pled

herein, without waiving any procedural, contractual, statutory, or common-law

right, and incorporating all other allegations herein to the extent they are not

inconsistent with the cause of action pled here, upon information and belief,

Santander is liable to the Plaintiff for violation of the Texas Debt consumer Act

(herein "TDCA") found in chapter 392 of the Texas Finance Code. Upon

information and belief, Santander violated the TDCA in it attempt to collect late

payments from the plaintiff. The act applies to entities attempting to collects its

own debt. See *Monroe v. Frank*, 936 S.W.2d 654 (Tex. App. Dallas 1996). Upon

information and belief, Santander violated at least the following sections and

paragraphs of the TDCA:

Section 392.302(4) by oppressing, harassing or abusing a person by causing a

telephone to ring repeatedly or continuously, or making repeated or continuous

telephone calls, with the intent to harass a person at the called number.

The Plaintiff seeks (1) injunctive relief to prevent or restrain a violation of one or

more of the above described sections and/or paragraphs, (2) actual damages

sustained as a result of such violations, and (3) attorneys' fees and costs.


Cause of Action for Invasion of Privacy (Intrusion on Seclusion)

10.       In the alternative without waiving any of the other causes of action plead herein,

without waiving any procedural, contractual, statutory, or common-law right, and

incorporating all other allegations herein to the extent they are not inconsistent


Plaintiff's Original Petition and Request for Disclosure                                    4

with the cause of action pled here, upon information and belief, Santander is

liable to the Plaintiff for invading Plaintiff's Privacy (intrusion of Seclusion).

Congress recognized a consumer's right to privacy in financial data in passing the

Gramm Leech Bliley Act, which regulates the privacy of consumer financial data

for a broad range of "financial institutions" including debt collectors (albeit

without a private right of action), when it stated as part of its purposes:

It is the policy of the Congress that each financial institution has an affirmative
and continuing obligation to respect the privacy of its customers and to protect the
security and confidentiality of those customers' nonpublic personal information.
15 U.S.C. § 6801(a) (emphasis added).

Santander and/or its agents intentionally, recklessly, and/or negligently

interfered, physically or otherwise, with the solitude, seclusion and or private

concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully ringing

Plaintiff's cell telephone in a harassing and abusive manner thereby invaded

Plaintiff's privacy.

Santander and its agents intentionally, recklessly, and/or negligently caused

emotional harm to Plaintiff by engaging in highly offensive conduct in the course

of collecting this debt, thereby invading and intruding upon Plaintiff's right to

privacy. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude,

seclusion, private concerns or affairs, and private financial information.

The conduct of this Santander and its agents, in engaging in the above-described

illegal collection conduct against Plaintiff, resulted in multiple intrusions and

invasions of privacy by this Santander which occurred in a way that would be

highly offensive and harassing to a reasonable person in that position.

As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Santander.

All acts of Santander and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Santander is subject to punitive damages.

Cause of Action for Violation of the Federal Telephone Consumer Protection Act

11.     In the alternative without waiving any of the other causes of action pled herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, upon information and belief, the Defendant is liable to the Plaintiff under the Federal Telephone Consumer Protection Act (47 U.S.C. § 227 *et. Seq.*) (hereinafter the "TCPA"). Santander has repeatedly violated section 227(b)(1)(A) of the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers that have been unleashed in an abusive amount against Plaintiff by Santander.

Santander has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal predictive dialers that have been unleashed in an abusive amount against Plaintiff by Santander.

Santander has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal pre-recorded messages that have been unleashed in an abusive amount against Plaintiff by Santander.

.There is no exception or justification for the numerous violations of the TCPA by Santander as Santander does not have Plaintiff's consent, express or implied to Plaintiff's cell phone and Plaintiff instructed Santander it had no permission to call his cell phone but the calls continued.

The Defendant's actions caused the Plaintiff to suffer statutory damages in accordance with 47 U.S.C. § 227(b)(3)(B). Further, upon information and belief the defendant willfully and knowingly violated section 227(b)(1)(A) of the TCPA. Accordingly, the court should increase the amount of any award to an amount equal to not more than three times the amount available under section 227(b)(3)(B) of the TCPA. The Federal Telephone Consumer Protection Act creates a federal private right of action but confers exclusive jurisdiction to state courts to entertain such an action. *See The Chair King, Inc. v. GTE Mobilnet of Houston, Inc.,* 184 S.W.3d 707, 710 (Tex. 2006); See also *Chair King, Inc. v. Houston Cellular Corp.,* 131 F.3d 507, 510 (5th Cir. 1997).

Cause of Action for Violation of Section 35.47 of the Texas Business and

Commerce Code

salat zuhr aloud or silent

12.     In the alternative without waiving any of the other causes of action pled herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, upon information and belief, Santander is liable to the plaintiff for violating section 35.47 of the Texas

Business and Commerce Code. Santander violated the TCPA. Therefore, Santander violated section 35.47(f) of the Texas Business and Commerce Code. The Plaintiff is entitled to an injunction pursuant to that paragraph and $500 for each phone call which violated the TCPA. Further upon information and belief, Santander willfully and knowingly violated the statute. Therefore, the court should increase the amount of the Plaintiff's award to up to $1500.00 for each such telephone call.

<u>Exemplary Damages</u>

13.     Exemplary damages should be awarded against Santander because the harm with respect to which the Plaintiff seeks recovery of exemplary damages resulted from gross negligence (which means that defendant's acts and/or omissions (i) when viewed objectively form the Defendant's standpoint at the time of the acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that defendant has an actual subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Exemplary damages are warranted with the consideration that Santander's abusive and illegal conduct is pervasive and rampant.

<u>Request for Permanent Injunction</u>

14.     The court should permanently enjoin Santander following trial of this cause from committing acts in violation of the statutes cited herein.

Plaintiff's Original Petition and Request for Disclosure                                    8

<u>Request for Record</u>

15.    Pursuant to Texas Government Code section 52.046, the Plaintiff herby requests that an official court reporter attend and make full record of all hearings in this case.

<u>Request for Disclosure</u>

16.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Santander is requested to disclose within 50 days after service of this request, the information or material described in Rule 194.2.

<u>Prayer</u>

17.    For these reasons, the Plaintiff asks that the Defendant be cited to appear and answer and that the Plaintiff have judgment for damages within jurisdictional limits of the court and against Defendant for:

a)  Actual damages;

b)  Statutory damages (pursuant to TCPA)

c)  Statutory damages pursuant to § 35.47 of the Texas Business and Commerce Code)

d)  Exemplary damages

e)  Pre-judgment and post-judgment interest at the highest rate

f)  Legally available reasonable and necessary attorneys' fees

Plaintiff's Original Petition and Request for Disclosure                                    9

g) Costs

h) A permanent injunction against Santander enjoining it from committing the unlawful conduct described in this petition; and

i) All other relief, general and special, legal and equitable to which the Plaintiff is entitled.

Respectfully submitted,

Mehdi Cherkaoui

Mehdi Cherkaoui
3011 W. Cedar Sun
Katy, TX 77449
Telephone: (281) 636-8300

Plaintiff's Original Petition and Request for Disclosure                    10

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing instrument has been properly forwarded to Santander registered agent of record listed below by United States Certified Mail Return Receipt Requested on __17th__ day of January 2013, addressed as follows:

*Via First Class Mail to:*

CT Corporation System,
350 N. Saint Paul ST STE 2900
Dallas, TX 75201-4234

Mehdi Cherkaoui
3011 W. Cedar Sun
Katy, TX 77449

Plaintiff's Original Petition and Request for Disclosure                    11



Constable Alan Rosen
Harris County Pct. 1
PO BOX 52578
Houston Texas 77052-2578



( PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL**

91 7190 1037 6610 0003 8857

addressee only, restricted delivery!



U.S. POSTAGE >> PITNEY BOWES

ZIP 77002
02 1W       $ 009.50⁰
0001371269 JAN 22 2013

RETURN SERVICE REQUESTED

SANTANDER CONSUMER USA INC
BY SERVING ITS REG. AGENT
CT CORPORATION SYSTEM
350 N. ST. PAUL ST.
DALLAS TX 75201-4234

PLEASE DO NOT FORWARD! ADDRESS LISTED ONLY!